# In the United States Court of Federal Claims

No. 03-1538
(Filed: September 15, 2003)

| | |
|---|---|
| ************************************ | |
| | * |
| **ADNAN AWAD and** | * |
| **LYNN AWAD,** | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ************************************ | |

**STANDARD SPECIAL PROCEDURES (Revised May 1, 2003)**

Pursuant to Rules of the United States Court of Federal Claims (RCFC) 1, 16, 83(b) and Appendix A ¶ 1-2, in the interest of promoting inexpensive, efficient, and just litigation, it is ordered that each party shall comply with the following procedures:

1. Initial Matters.

   a. Pretrial Rules. Counsel shall familiarize themselves with the rules of the United States Court of Federal Claims (CFC) governing pretrial proceedings, particularly RCFC 5-7, 11, 16, 26, 77.2, and 83, and Appendix A ¶ 3 in order to ensure full and timely compliance with applicable deadlines, filing procedures, and other requirements. Note that the CFC rules, though generally similar, are not identical to the Federal Rules of Civil Procedure.

   b. Communications with the Court. Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion, filed in the Clerk's Office or in open court. In particular, letters will not be accepted in lieu of motions without prior authorization. Notwithstanding this provision, counsel may, at any time, jointly request a conference with the judge to discuss a dispute or other pending matter. Scheduling questions should be directed to Chief Judge Damich's judicial assistant, at (202) 219-1433. Questions regarding CFC filing requirements and other standard court procedures should be directed to the Clerk's Office at (202) 219-9561.

c. Legibility. All papers filed with the court shall be legible. This requirement is especially important when photocopies of documents with small type are submitted.

d. Facsimile Transmission, Electronic Filings.

i. Requirements. For the court's convenience, filings should include counsel's telephone number(s) for facsimile transmission, if any.

ii. Acceptability. Unless the court specifically orders otherwise, receipt of a facsimile transmission will not constitute timely filing under the rules of this court. The court may, however, consider a courtesy copy delivered by facsimile transmission, if:

(1) it is delivered concurrently with or after the original submission is filed with the Clerk's Office, and

(2) it contains less than 20 pages.

iii. Address. Facsimile transmissions should be sent to:

Chief Judge Edward J. Damich
United States Court of Federal Claims, Suite 701 Tel.
No.: (202) 219-1433 Fax
No.: (202) 219-1469

iv. Electronic Filing. A courtesy copy of all briefs[1] longer than 10 pages shall be provided by e-mail. The address is: **Damich_Chambers@ao.uscourts.gov**. The brief shall be provided in the form of an attachment, readable by WordPerfect for Windows 9.0. This copy is a courtesy copy and does not replace the need to file the appropriate copies with the Clerk's Office.

v. Court Closing. The Court of Federal Claims sometimes closes because of inclement weather in Washington, D.C. The Clerk's Office at (202) 219-9657 will inform parties whether the court is closed.

2. Professional Conduct. At all times during this proceeding, counsels' conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their obligations to the administration of justice. Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct will not be tolerated and may result

[1] The parties should not send, by e-mail, copies of appendices, exhibits, affidavits, etc. that sometimes are filed with a brief. The court is requesting an electronic copy of only the brief, which sets forth the legal arguments.

in sanctions being imposed. See, e.g., RCFC 37.

3. Motions - generally.

a. Page Limits. Briefs and memoranda in support of motions are limited in length as set out in RCFC 5.2(b). Leave of court is necessary to exceed these page limits.

b. Appendices. When an appendix of more than 50 pages is submitted, the appendix *may* be reproduced using both sides of the paper. If submitted in this way, the pages must be bound so that photocopying both sides of the page is possible.

c. Sample orders. For orders fewer than two pages, it is not necessary to submit a proposed order. For longer orders, such as protective orders, the parties should submit a proposed order.

d. Administrative Record. In a case in which the court reviews the administrative record, such as a Wunderlich Act case, any party that wants to refer to materials outside the administrative record must file a motion to supplement the administrative record. The moving party should indicate whether the motion is opposed.

4. Motions for Enlargements of Time. The court intends to follow precisely any schedule established in the case and to apply strictly the rules regarding requests for an enlargement of time.

a. Timing. Requests for enlargement must be filed as early as possible, see RCFC 6(b), generally at least 5 business days in advance. As there may be a delay between when a motion is filed in the Clerk's Office and when it is received in chambers, requests for enlargements, if not made at least a week in advance, *shall* be sent by facsimile to chambers in addition to being filed formally. See infra Paragraph 1.c. of this order.

b. Requirements.

i. Each request for an enlargement must specify the grounds and shall indicate whether the motion is opposed.

ii. The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically.

iii. In the case of requests filed out of time, the allegation of excusable neglect must be substantiated. See RCFC 6(b).

iv. After the second extension of time, counsel may be required to obtain the signature of the party (in the government's case, a representative of the agency) to sign all further extension of time requests.

5. Hearings and Status Conferences.

a. In General. At each hearing or conference, including the preliminary status conference

held shortly after filing the joint preliminary status report (JPSR) required by Appendix A and one held after filing the post-discovery joint status report (JSR), the court explores the strengths and weaknesses of each party's arguments and may discuss the possibility of utilizing dispositive motions, alternative dispute resolution (ADR), discovery limitations, bifurcated proceedings, or other means for reducing the cost and delay of discovery and trial. See RCFC 16(c).

b. Time. The time for all hearings and status conferences is the time in Washington, D.C., unless otherwise expressly stated.

c. Participants. A representative of the party (in the case of the government, agency counsel or staff) must participate if counsel is not prepared to discuss in depth the factual and legal history of the claim(s), and technical matters requiring specialized expertise. A representative with the power to bind the Plaintiff shall be present at all settlement conferences. A representative of the agency with the power to recommend actions for the Defendant shall be present at all settlement conferences.

**d. Scope of Conference. At each conference, counsel are expected to be substantially prepared, i.e.,**

**i. ready to agree to a schedule for future proceedings;**

**ii. fully familiar with the facts, procedural history, and legal arguments, including the merits of any pending motion; and**

**iii. ready to discuss settlement prospects, ways to minimize unnecessary discovery, and appropriate ADR techniques.**

e. Attendance. All counsel are expected to appear at status conferences by telephone unless instructed otherwise. Whenever counsel is expected to appear by telephone, counsel should call Chief Judge Damich's judicial assistant, at (202) 219-1433 and provide the number where he or she can be reached. Counsel shall provide this information one business day before the conference.

f. Scheduling. Status conferences will be scheduled by Chief Judge Damich's law clerk, who will call each counsel individually to make arrangements for the conference.

6. Preliminary Status Conference and Dispositive Motion in Response to the Complaint.

a. Preliminary Status Conference – Scheduling and Filing Requirements.

i. When defendant intends to file by dispositive motion. For cases in which the defendant intends to proceed by dispositive motion in lieu of an answer, i.e., a motion to dismiss pursuant to RCFC 12(b)(1) or 12(b)(6) or a motion for summary judgment pursuant to RCFC 56, the defendant shall file a memorandum so indicating its intention and briefly identifying the factual and/or

legal bases upon which its motion will be based. This memorandum shall be filed within the time allotted for the answer to be filed pursuant to RCFC 12(a)(1) and defendant's answer shall be stayed until such time as the court may order. The plaintiff may, but is not required to, file a response to the defendant's memorandum within the same time otherwise provided in RCFC 7.1(a). If the plaintiff chooses to file such a memorandum, a courtesy copy shall be forwarded by facsimile transmission to chambers. Except by leave of court, any memoranda filed under this provision shall not exceed 10 pages by any process of duplicating or copying. After plaintiff's response is filed, or the time has passed for plaintiff's response, the court may schedule the preliminary status conference.

ii. In all other cases. In all other cases, the conference shall be held on one of the three dates identified by the parties in the JPSR pursuant to Appendix A as supplemented by this order, unless otherwise indicated.

b. Dispositive Motions. No dispositive motions may be filed until the preliminary status conference has been held, or the court chooses to waive the conference. This order supersedes the time limits for the filing of dispositive motions contained in the RCFC. Where necessary, a schedule governing the filing of such motion(s) will be determined at the preliminary status conference.

7. Supplements to JPSR. The parties' JPSR, required by Appendix A ¶ 4 to be filed no later than 49 days after filing the answer or reply to a counterclaim, shall provide the following information, which is in addition to or different from that required by the referenced subparagraphs of Appendix A ¶ 4:[2]

a. Paragraph 4(a). Provide the jurisdictional statute(s) upon which plaintiff relies, and plaintiff's detailed justification for invoking the CFC's limited statutory jurisdiction.

b. Paragraph 4(d). State whether there is any basis for transferring or remanding the case to another tribunal, and whether the parties are aware of any related cases in this or any other tribunal. See RCFC 40.2.

c. Paragraph 4(h). Describe the material issues of fact and law that are in dispute, as well as those that are not. This statement should not be elaborate or technical, but should be sufficient, at a minimum, to explain the basis for each counsel's certification under RCFC 11 with respect to the factual allegations and legal theories upon which any claim or defense is based, and to give the court adequate opportunity to prepare for, and participate meaningfully in, the preliminary status conference (e.g., assisting the parties in focusing and narrowing issues and disputes). Mere incorporation by

[2] The JPSR must be supplemented as the parties become aware of additional information.

reference or reiteration of the answer or the complaint normally will not satisfy this requirement.

d. Paragraph 4(i). The parties shall state whether any method of ADR, including those described below,[3] is viable. If none, they shall explain why, with particularity.

i. U.S. Court of Federal Claims' ADR Program. RCFC App. H ¶ 3(a) states that ADR is a voluntary procedure. Normally, the court will not refer a dispute for ADR without agreement by all parties. However, the court reserves the right to order the parties to enter non-binding ADR if the court determines that ADR will be of assistance in resolving a dispute. When both parties agree to one of these methods they may request the court to refer their dispute to the CFC's ADR Administrator.

(1) Settlement Judge. In this flexible process, which can be used at any time during the proceedings, the ADR Administrator assigns the case to a CFC judge who will act as a neutral advisor. After a detailed discussion of the strengths and weaknesses of each party's case, the settlement judge will provide a judicial assessment of the dispute and the parties' settlement positions. If a resolution is not reached, the case is returned to the presiding trial judge for further action.

(2) Mini-trial. In this procedure, which ordinarily takes place before discovery, the parties present an abbreviated version of their case to a judge other than the presiding judge. Useful in cases involving factual disputes, rather than legal ones, this process should not run longer than 3 months, with limited voluntary discovery. The hearing, which should last no more than a day, is informal and the parties are not bound by the rules of evidence or procedure. At its conclusion, the parties meet to discuss settlement. The mini-trial judge may play an active role or advise the parties on the merits, at the parties' option.

(3) Third-Party Neutrals. A third-party neutral, appointed by the ADR Administrator, from a panel of experienced attorneys trained in ADR, will meet with the parties and attempt to facilitate a resolution of the dispute.

---

[3] This list is by no means exhaustive; the parties are encouraged to suggest other alternative dispute resolution or trial simplification measures. The court recognizes that the government will not agree to certain binding methods of dispute resolution. However, it also notes the government's expressed support of ADR measures. See Executive Order 12,988 (Feb. 5, 1996); Department of Justice Policy on the Use of Alternative Dispute Resolution, 61 Fed. Reg. 36,895 (July 15, 1996).

ii. Other Means of ADR

(1) Bifurcated Trial. A bifurcated case is tried in two parts. For example, a first trial may be held on the issue(s) of liability. A second trial, on damages, may be unnecessary if no liability is found. See RCFC 42(c).

(2) Limited Discovery. The parties may agree to limit discovery to certain issues or to conduct discovery in a particular chronological order, and a suspension of other discovery, e.g., when dispositive motions covering fewer than all the issues in the case are anticipated.

(3) Court-Appointed Experts/Neutral Fact-Finders. This method is useful, e.g., in patent, "takings," or government contract cases when complex and technical factual disputes are presented. A neutral third-party fact-finder, chosen by the court and/or agreed upon by the parties based on his or her substantive or technical expertise, examines the disputed facts and submits detailed findings to the court.

(4) Arbitration. This is an informal adversarial process, similar to the mini-trial, in which the case is heard and decided by one or more private attorneys or retired judges.

(5) Mediation. A flexible, non-adversarial process that may include "shuttle diplomacy," mediation employs a neutral third party agreed upon by the parties to help the disputants fashion a mutually agreeable compromise.

(6) Paper Trial. Trial time and expense are saved by allowing the parties to submit written evidence, e.g., affidavits and transcripts of depositions in which witnesses are cross-examined on their affidavits on disputed issues of fact.

e. Paragraph 4(j). Joint Proposed Scheduling Plan. In lieu of answering the questions set forth in Appendix A ¶ 4(j), the parties shall set forth a proposed scheduling plan. The parties' joint proposed scheduling plan shall include:

i. Dates for joinder of additional parties.

ii. A discovery plan, which shall include, at a minimum:

(1) A date or dates by which the parties propose to disclose information and exchange documents;

(2) Whether a dispositive motion could be filed after conducting limited discovery on a particular issue;

(3) Whether discovery should be conducted in phases or limited to certain issues (e.g., whether discovery should proceed on liability alone);

(4) A date by which fact discovery (on the particular issue(s)) will be completed. Any motion to compel, after the appropriate good faith effort to resolve the dispute, should be filed on or before this date. Accordingly, counsel must plan to serve discovery requests sufficiently before this date to permit the other side to object.

(5) Three alternate dates, and a time during each date, shortly after the close of fact discovery, on which the court may hold a status conference to discuss the remainder of the case;

(6) A representation whether a party intends to file a motion for summary judgment. If so, the following details should be provided:

(a) A date by which the motion for summary judgment shall be filed.

(b) The legal theory on which the party intends to rely in filing the motion for summary judgment.

(c) The connection between the motion for summary judgment and expert discovery. For example, in some cases, the parties believe that expert discovery must precede the motion for summary judgment. In other cases, the parties believe that a ruling on a motion for summary judgment may be helpful before conducting expert discovery.[4]

(7) Dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case.

(8) A date by which expert discovery (on the particular issue(s)) will be completed;

(9) Whether the presumptive limits of 5 depositions per side and 25 interrogatories per individual party, see infra Paragraph 9.d.2.ii. of this order, should apply in this case and, if not, the reasons for the variance from these limits;

(10) Whether any physical or mental examinations of parties will be requested pursuant to RCFC 35, and, if so, by what date that request

---

[4] If the parties believe a court ruling would be helpful in formulating expert discovery, the dates regarding expert discovery (described in the next two subparagraphs) may be contingent on the date of the court's ruling.

will be made and the date the examination will be completed;

(11) A date by which all discovery will be completed; and

(12) Any other matters pertinent to the completion of discovery in this case.

iii. The earliest date by which this case should reasonably be expected to be ready for trial;

iv. An estimate of the length of time expected to try this case to judgment;

v. The requested place of any trial; and

vi. Any other matters counsel deem appropriate for inclusion in the joint scheduling plan.

f. Paragraph 4(k). Electronic Case Management. The parties are strongly encouraged to avail themselves of electronic case management appropriately tailored to the complexity of the case.

g. Paragraph 4(l). Provide a joint representation that counsel have held the early meeting of counsel required in Appendix A ¶ 3; exchanged the lists and other disclosures set out in RCFC 26(a)(1) and Appendix A ¶ 3; and provided any computation of damages. The representation shall set out the date of the meeting. The parties shall provide an estimate of the anticipated time-frame and litigation costs (1) through the end of discovery, (2) by the end of trial, and (3) through appeal, if any; and shall certify that these estimates of time and cost were provided to the parties (in the government's case, the client agency).

h. Paragraph 7 Provide three alternate dates, and a time during each date, that are mutually agreeable to counsel for a status conference with the court. These dates should be at least 7 days, but not more than 21 days, after the filing of the JPSR. After receiving the JPSR, Chief Judge Damich's law clerk will call the parties to schedule the preliminary status conference and then the court will send out an order accordingly.

i. Separate Allegations Permitted. Separate views and proposals on any of the points covered by the JPSR may be set forth on any point on which the parties cannot agree. Reasonable compromise, however, is strongly encouraged.

8. Appendix to Joint Preliminary Status Report.

a. The parties shall provide, as an appendix to the JPSR, copies of material portions of any documents not previously filed that are relevant to jurisdiction or to disputed facts alleged with particularity in the pleadings, e.g.:

i. relevant contractual documents, correspondence between the parties, and damage computations; and

ii. records of prior judicial or agency proceedings relative to the claims in this case (e.g., in tax cases, copies of the return, refund claim, and any decision thereon; in contract cases, the claim and contracting officer's final decision).[5]

b. The parties shall include as exhibits relevant portions of statutes, regulations, and subregulatory guidance that may be at issue, in effect at the relevant time, if these are not frequently cited to the United States Court of Federal Claims,[6] or are unpublished, outdated, or otherwise not readily available. For example, this may occur when prior tax years or unpublished agency policy directives are involved.

9. Discovery.

a. Early meeting of counsel. An early meeting of counsel is required within sufficient time to permit the parties to file the JPSR. See RCFC Appendix A ¶ 3. Counsel shall discuss the initial disclosures required by RCFC 26(a)(1) and other discovery requirements, settlement prospects, scheduling, and the other matters set out at Appendix A, ¶ 3, at such conference. See supra Paragraph 7.g. of this order.

b. Mandatory Disclosure. The court requires immediate initial disclosure of lists of the witnesses and exhibits that each party may rely upon at trial, as provided in Appendix A ¶ 13(a) and (b) as well as the nature and location of any material evidence of which it is aware. The witness list shall include the address and telephone number of each witness (if known). The lists and disclosures must be presented at or before the early meeting of counsel and shall be updated as necessary. See Appendix A ¶ 3.

c. Dispositive motion and discovery. The filing of a dispositive motion shall not suspend the conduct of discovery, unless the court so orders.

d. Methods of Discovery.

i. The use of requests for admission, stipulations, and witness interviews (by telephone, if appropriate) in lieu of formal depositions is encouraged, as is the use of videotaped evidence and telephone conferencing.

ii. Leave of court or agreement of the parties is required to conduct more than 5 depositions per side or to propound more than 25 interrogatories (including all subparts) per individual party.

e. Expert Disclosure.

i. The identity of any specially retained expert witnesses who may present

---

[5] The relevance of an exhibit should be clear from the statement of issues required by Paragraph 7.c. of this order. That statement should provide page references to the relevant exhibits.

[6] See, e.g., United States Claims Court: A Deskbook for Practitioners App. I (1994).

evidence at trial shall be disclosed to the opposing party as soon as possible and at least 90 days before trial or hearing at which the expert will testify, or, if intended to rebut evidence of the other party, within 30 days of discovery of such evidence.

ii. The party calling any expert shall, at the time notice is provided, produce a written report prepared by such expert providing a complete statement of all opinions to be expressed, and the basis and reasons therefor; any exhibits the expert will rely upon at trial; the qualifications of the expert; the compensation to be paid for the expert's services; and a list of the cases, and involved parties, in which the expert has provided expert testimony in the preceding 4 years.

f. Discovery Disputes.

i. Before petitioning the court to resolve a discovery dispute or to impose sanctions for discovery abuses, counsel must attempt to resolve the problem with opposing counsel. Failure to consult with opposing counsel before filing a motion may result in the imposition of costs.

ii. Discovery motions shall be accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the disputed matter.

g. Abuse of the Discovery Process. Counsel are warned not to abuse the discovery process. If, after this cautionary order by the court, either counsel makes excessive demands or provides insufficient responses, appropriate sanctions (including, but not limited to, more stringent controls over discovery, restrictions on the use of evidence, and imposition of attorneys' fees and costs) may be ordered. See RCFC 37(b).

h. Close of Discovery. Shortly after the close of discovery, the parties will be directed to file a JSR containing, inter alia, a proposed schedule for further proceedings. A post discovery conference, as mandated by Appendix A, ¶ 11, will be scheduled shortly thereafter.

10. Trial Materials. When the case approaches trial, the court will issue a separate order relating to trial preparation and the requirements of Appendix A.

11. Trial Methods. The court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether the following methods are appropriate:

a. Trial on the Papers. Under this procedure, parties submit documents for the court to consider as evidence and, unlike cross motions for summary judgment, the court is permitted to draw appropriate inferences from the facts. See, Morton Denlow, “Trial on the Papers,” *The Federal Lawyer* (August 1999) p. 30-34.

b. Direct Testimony Submitted in Written Form. Under this procedure, parties submit

their witness's affirmative testimony in writing in advance. The witness is subject to cross-examination before the court in open court.

12. Notice of Appeal. Parties should note that, pursuant to Federal Rules of Appellate Procedure 4(a)(1)(B), a notice of appeal must be filed with this court no later than 60 days after the date of entry of the order or judgment appealed. The entry date of an order, judgment or any filing with the Clerk's Office is the date when it is electronically entered into the docket and may not correspond with the filing date. Parties may obtain docketing information by telephone, electronically, through the Public Inquiry system located in the Clerk's Office, or through the Public Access to Court Electronic Records (PACER), a public information access dial-in service for which a fee of 60¢ per minute is charged. If the Clerk's Office has not already provided information regarding this service, it may be contacted at (202) 219-9561.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge