PHELPS DUNBAR LLP
COUNSELORS AT LAW

New Orleans, LA
Baton Rouge, LA
Houston, TX
London, England

One Mississippi Plaza
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907 • Fax (662) 842-3873

Jackson, MS
Tupelo, MS
Gulfport, MS
Tampa, FL

www.phelpsdunbar.com

BEASLEYB@PHELPS.COM

Partner
Direct (662) 690-8178

October 21, 2003

14864-1

ORIGINAL

FILED
OCT 3 1 2003
U.S. COURT OF FEDERAL CLAIMS

**Via Facimile**
**and U.S. Mail**

Hon. Edward J. Damich
U.S. Court of Federal Claims
717 Madison Place, NW
Washington, DC 20005

By leave of the Judge

**Re:** ***Adnan Awad v. The United States***
**U.S. Court of Federal Claims No. 03-1538C**

Dear Judge Damich:

I enclose herewith a copy of Exhibit "A", Memorandum of Understanding, which was inadvertently omitted from the Amended Complaint previously filed in this case.

By copy of this letter, I am forwarding the original of same with seven copies to the clerk for filing in this matter.

Sincerely yours,

William M. Beasley

WMB:ps
Enclosure
cc: Clerk, U.S. Court of Federal Claims (w/enclosures)
Gerald M. Alexander, Esquire (w/enclosures)

TO:161917.1

2/18/84



# MEMORANDUM OF UNDERSTANDING

INTRODUCTION - The Witness Protection Program, authorized under Title V, Public Law 91-452, provides for the security of Government witnesses and potential Government witnesses, and members of their families whose life or person is placed in danger by virtue of being a witness or intended witness in legal proceedings against any person alleged to have participated in an organized criminal activity. Protection and maintenance assistance is not provided in return for testimony. This memorandum is not a contract or an agreement to provide protection or maintenance assistance to the witness in return for testimony. This is not a contract for employment between the witness and the Government, nor a contract to secure employment. Participation in the Witness Protection Program is purely voluntary and a witness may terminate participation in the Program at any time. Moreover, since it is within the Attorney General's discretion to approve participation in the Program, the witness may be terminated from the Program when the Attorney General determines that the life or person of the witness is no longer in danger, or for other reasons deemed appropriate by the Attorney General or his representative.

This memorandum states the assistance which will be provided by the United States Marshals Service under the Witness Protection Program as well as the obligations of the protected witness. This memorandum encompasses all of the assistance which will be provided to:

ADNAN MUHAMAD AWAD
(name of protected witness)

and the witness' authorized dependents: (List below)

NONE

Assistance not specifically contained herein will not be provided by the United States Marshals Service, except as may be amended in writing.

The Marshals Service invites the witness' private attorney to be present and attend the completion of this Memorandum, if the witness so desires.

Once designated by the Attorney General or his representative, protection of a government witness, and maintenance assistance when required, becomes the *responsibility of the United States Marshals Service.*

Initials of Adult Family Members

EXHIBIT
A

— Witness ...

Form ...

The security of each witness depends on the witness' cooperation as well as the cooperation of family members. Refusal to accept employment opportunities; acts on the part of the witness or family members that jeopardize the witness' security such as returning to the danger area without Marshals Service protection or against instructions of Marshals Service personnel; involvement in criminal or fraudulent activity; or other reasons deemed appropriate by the Attorney General or his representative are bases for termination of funding assistance to the witness. Likewise the Marshals Service will not shield the witness from civil or criminal litigation initiated prior to or subsequent to entry into the Program. If imprisoned under sentence by the court, the Justice Department will continue to protect the witness' identity, as well as arranging a secure prison facility if it becomes necessary.

Government protected witnesses and members of their households will NOT act as informants. Such action will result in termination from the Program.

COMPLETION OF NEW DOCUMENTATION OR TESTIMONY IS NOT A PREREQUISITE FOR TERMINATION OF MAINTENANCE ALLOWANCE ASSISTANCE TO THE WITNESS.

## A. SECURITY ASSISTANCE

1. The Marshals Service is authorized to make all decisions concerning security assistance. The witness will not be protected by the Marshals Service at the current residence or in the origin location. The witness must be willing to relocate *immediately*. This relocation is necessary since the danger in the origin location may present serious security risks.

2. Personal security will be furnished to the witness on a 24-hour basis when it is necessary to return to the place of danger to testify in court or converse with Government attorneys in connection with preparation for trial, or at any other time when deemed necessary by the Marshals Service. Marshals Service security assistance will begin upon the witness' arrival in the danger area(s).

## B. MAINTENANCE ASSISTANCE

1. The Marshals Service has sole authority to arrange for the maintenance of protected witnesses and their families. The amount of financial assistance to be provided the witness is determined by family size and geographic area, and is based upon Bureau of Labor Statistics. The duration of financial assistance to be provided the witness will be limited to a period NOT TO EXCEED SIX (6) MONTHS.

2. Witnesses who are determined by the Marshals Service to be able to support themselves and their families WILL NOT be furnished subsistence allowances. Witnesses must immediately notify the Marshals Service of income received by them, household members, or held for their account.

Initials of Adult Family Members

______________________

______________________

______________________

3. The witness will be relocated to a place of safety, provided a new identity and assisted i. ,curing housing and employment in order to become self-sufficient. Housing may be in the form of detached homes, apartments, hotel or motel rooms and rents shall be paid from subsistence allocated. The Marshals Service will not purchase houses or other real property for witnesses nor will it act as a surety or guarantor for the purchase of such property.

4. The witness acknowledges that he/she must confine spending to the amounts of subsistence authorized and received through the Marshals Service. The witness further acknowledges that the Marshals Service will withhold subsistence allowances to pay bills incurred by the witness for which funds have already been provided, IF REQUIRED. The witness understands that the Marshals Service will arrange travel, housing and subsistence to the witness whenever the witness is brought back into the danger area for trial or pretrial conferences under Marshals Service supervision FOR REASONS OF SECURITY. Therefore, he/she will not be entitled to FACT WITNESS fees and allowances.

5. The witness understands that he/she may voluntarily terminate participation in the Program at any time, and the maintenance allowance will automatically be terminated.

6. The witness acknowledges that his/her entitlement to maintenance assitance will terminate when one of the following occurs:

a. He/she becomes economically self-sufficient through employment, public assistance or other means of income. If the witness refuses to accept a reasonable job opportunity, maintenance assistance may be terminated.

b. Six months pass from the date of this Memorandum of Understanding.

c. Or the witness performs an act prohibited by Marshals Service policy.

## C. NEW IDENTITY ASSISTANCE

1. New documentation provided the witness and dependents of the witness by the Marshals Service WILL NOT be used for fraudulent purposes. Any obligations which may be incurred by utilizing this documentation are liabilities of the witness or the witness' dependents and not those of the U.S. Government.

2. The witness must agree to a legal name change as a prerequisite for acceptance into the Witness Protection Program, if deemed necessary by the U.S. Marshals Service.

3. Only new documentation which is in the opinion of the Marshals Service to be essential for the witness' security will be provided. Fictitious or false records will not be provided. New documentation will reflect only factual information. Bank references or credit histories will not be provided. Certain verified information by the Marshals Service may be provided after security considerations have been made. Special or unusual documentation needs must be brought immediately to the attention of the Marshals Service for consideration.

Initials of Adult Family Members

__________

__________

__________

## D. RELOCATION ASSISTANCE

1. The witness will be relocated immediately from the danger area to a place determined by the Marshals Service. The witness may be relocated to a temporary site for a short period of time. Normally, the witness will be relocated to only ONE PERMANENT RELOCATION AREA AT GOVERNMENT EXPENSE. Any subsequent permanent relocations will be at the witness' expense, unless the Marshals Service determines that the relocation is necessary for security or other reasons.

2. The relocation of the witness' personally owned household goods will be made by commercial moving establishments selected and paid by the Marshals Service. The Marshals Service assumes no responsibility for damage or loss which may occur through the movement of household goods by commercial movers. The Marshals Service will provide assistance in forwarding the witness' claim for loss or damage to the commercial mover when required in order to protect the witness' identity and location to the extent consistent with maintaining the witness' identity and location secret.

3. The witness acknowledges that the mode and route of travel to the relocation area will be selected by the Marshals Service for security reasons. The witness acknowledges that the Marshals Service will arrange and pay the cost of common carrier transportation if used. Additionally, the witness acknowledges that he/she is the exclusive owner of property to be moved or that he/she has the consent of any co-owner to the movement of the property.

4. The witness acknowledges for security reasons the U.S. Marshals Service will not move any motor vehicle from a danger area. The witness should dispose of any such vehicle prior to his relocation. If this divestment cannot be accomplished prior to relocation, the witness should execute a power of attorney to a non-Marshals Service representative of his choice for this urpose.

5. The witness acknowledges that the Marshals Service has discouraged and cautioned against the movement of household pets IN THE BEST INTEREST OF THE PETS. The witness acknowledges that care and feeding of pets is the witness' personal responsibility NOT of the Marshals Service. COSTS FOR BOARDING PETS WILL BE BORNE BY THE WITNESS AND THE WITNESS MUST MAKE SUCH PAYMENT FROM THE MONTHLY SUBSISTENCE ALLOWANCE. The witness acknowledges that the Marshals Service will pay for the movement of pets as long as such movement can be accomplished by ordinary commercial means used for and concurrently with the movement of the witness to the relocation area, such as by regularly scheduled aircraft, trains, etc. THE MARSHALS SERVICE ASSUMES NO RESPONSIBILITY FOR THE CARE AND TREATMENT OF SUCH PETS WHILE BEING TRANSPORTED.

## E. MEDICAL ASSISTANCE

1. The witness and authorized family members, if applicable, will be eligible for emergency or major medical treatment at U.S. Public Health Service facilities during the time they are

Initials of Adult Family Members

____________________

____________________

____________________

·iving maintenance assistance. Necessary minor medical treatment is to be obtained through ate facilities.

2. The witness acknowledges that elective, optional or cosmetic treatment, which in the opinion of a licensed doctor or dentist is not required for the immediate short term health and safety of the witness or family member, will not be approved for payment by the Marshals Service.

## F. DEBTS AND RELATED LEGAL MATTERS

1. It is the responsibility of the witness, or the witness' representative, to make arrangements with creditors immediately to settle all debts. Failure to do so will jeopardize the witness' participation in the Witness Protection Program since the Marshals Service will not shield witnesses from legitimate creditors. Creditors many times resort to private investigators whose activities could seriously jeopardize the witness' security.

2. The witness is required to list all property, personal or real, on which there is presently a lien, security interest or other encumbrance against his/her exclusive ownership, and the name of the person or entity holding such encumbrance. Further, the Marshals Service will not assist in the movement of such property from the state without the written consent of the holder of the lien, security interest or encumbrance, or any co-owner.

3. The witness may appoint private counsel to settle debts in their behalf. Payment of private counsel is the sole responsibility of the witness, and the Marshals Service assumes no responsibility for payment of private counsel. The witness may appoint private counsel to receive service of process in their behalf. Normally, the U.S. Marshals Service will forward all process it ·ives to a protected witness. It is the witness' responsibility then to take those steps necessary ~ represent the witness' interest in such matters. No agency relationship of any kind is created by this memorandum between the witness, members of the witness' family, or any officer or employee of the U.S. Marshals Service. Under no circumstances will the Marshals Service act as an agent for service of process for a witness of any member of the witness' family. It is the witness' responsibility to arrange for an agent to conclude ALL BUSINESS ARRANGEMENTS, such as the sale of a residence or business, prior to entering into the Witness Protection Program. The Marshals Service assumes no responsibility for expenses incurred in concluding these arrangements.

4. All court orders which are directed to the witness must be immediately brought to the attention of the Marshals Service. Court orders which grant custody of minor children to persons other than the witness who is being relocated will be honored and said MINOR CHILDREN WILL NOT be relocated in violation of the court order. It is the witness' responsibility to comply with, or have amended or vacated, orders directing the payment of child support or alimony, FOR WHICH THE MARSHALS SERVICE ASSUMES NO RESPONSIBILITY.

Initials of Adult Family Members

______________________

______________________

______________________

5. SHOULD THERE BE A DISSOLUTION OF THE WITNESS' FAMILY STRUCTURE, FUNDING ASSISTANCE WILL BE PROVIDED ONLY FOR THOSE FAMILY MEMBERS CONTINUING TO RESIDE WITH THE WITNESS.

## G. MAIL ASSISTANCE

1. The Marshals Service will provide the witness mail forwarding and receiving services to assure the witness' security and to assist the witness in payment of debts or court ordered payments.

2. The witness and family members acknowledge the necessity to terminate correspondence, where possible, with persons known prior to entry into the Witness Protection Program for REASONS OF SECURITY.

3. Packages, magazines, circulars and second class mail will not be accepted or forwarded by the Marshals Service.

## H. EMPLOYMENT ASSISTANCE

1. When assistance has been provided to the extent that the witness' life or person is no longer in danger, subsistence allowance assistance may be discontinued. It is, therefore, imperative that the witness, with the assistance of the Marshals Service, begin vigorously seeking employment as soon as possible.

2. The Marshals Service will provide the protected witness with ONE REASONABLE JOB OPPORTUNITY. The Marshals Service can give no assurance that the job opportunity which may be located will be equal to the witness' last job in either type, prestige or pay. The Marshals Service will attempt, when possible, to locate a job opportunity which is commensurate with the witness' previous work experience.

3. If a reasonable job opportunity is secured, THE WITNESS IS EXPECTED TO ACCEPT THE JOB. If the witness fails to accept this job opportunity, the witness may be terminated from maintenance allowance assistance.

4. The witness WILL NOT represent that he or she is an employee or consultant of the United States Marshals Service or any other government agency. False information will not be provided to potential employers. 18 U.S. Code, Section 912, provides for a fine of not more than $1,000 or imprisonment for not more than three (3) years, or both, for anyone who assumes or pretends to be an officer or employee of the United States and demands or obtains money or any other thing of value.

5. IF, BECAUSE OF THE WITNESS' DISABILITY, AGE, OR OTHER REASONS, THE MARSHALS SERVICE IS UNABLE TO OBTAIN A JOB OPPORTUNITY FOR THE WITNESS, THE WITNESS WILL BE ASSISTED TO OBTAIN PLACEMENT IN A FEDERAL, STATE OR LOCAL PUBLIC ASSISTANCE PROGRAM.

Initials of Adult Family Members

[signature]

________________

________________

## I. PRISONER WITNESSES AND FAMILIES

1. The Bureau of Prisons will normally determine where the prisoner-witness will be housed.

2. Family members of prisoner-witnesses will not be relocated unless deemed necessary by the Attorney General or his representative. When authorized, relocation of family members to the area where the prisoner-witness is located will be based upon the availability of an employment opportunity for the remaining head of the witness' household.

3. Family members of prisoner-witnesses who are not relocated will not receive maintenance assistance since their ability to work is in no way restricted.

4. Should the non-prisoner-witness having been relocated receive a court sentencing in the case(s) relative to the witness' participation in the Program, and subsequently be incarcerated, the Marshals Service will attempt to obtain a job opportunity for the remaining head of the witness' household. If a reasonable job opportunity cannot be obtained, the Marshals Service will provide assistance to the remaining head of the witness' household to be placed under a federal, state or local Public Assistance Program.

5. The witness acknowledges that if he/she is currently on parole or probation, or is placed on parole or probation subsequent to the completion of this agreement, the witness will comply with whatever arrangements the Marshals Service makes for his/her parole or probation supervision.

## J. REPRESENTATIONS BY INVESTIGATIVE AGENTS OR ATTORNEYS

1. Investigative agents and government attorneys are not authorized to make representations concerning assistance which will be provided in effecting protection, maintenance or relocation of the witness.

2. Any representations made to the witness by such investigative agents or attorneys, which are OUTSIDE THOSE EXPRESSLY PRESCRIBED HEREIN ARE MADE WITHOUT AUTHORITY AND WILL NOT BE HONORED BY THE UNITED STATES MARSHALS SERVICE.

Initials of Adult Family Members

____________________

____________________

____________________

3. The witness states that the following promises or agreements have been made to the witness by investigative agents or government attorneys:

(The witness should enter all promises or agreements not expressly prescribed in this Memorandum of Understanding, or enter "NONE").

NONE

4. The witness understands and acknowledges that the above stated representation(s) WILL NOT BE HONORED BY THE UNITED STATES MARSHALS SERVICE.

## K. HOUSEHOLD GOODS MOVEMENT RELEASE

(Release to be completed if the witness, or the witness' dependents, have personally owned household goods to be moved to the relocation area).

1. The undersigned declares that all household goods requested to be moved are personally owned, free from pledges as security on loans, security interests, chattel mortgages and any other liens or encumbrances. The witness acknowledges that household goods will be relocated only one time at government expense unless otherwise determined to be necessary by the U.S. Marshals Service.

2. The witness acknowledges that the Marshals Service will make the arrangements for the move for security reasons with a commercial moving establishment and that the Marshals Service assumes no responsibility for the handling and care given those goods by the moving establishment. Any and all claims for loss or damage to the household goods MUST BE MADE WITH THE MOVING ESTABLISHMENT, BUT SUBMITTED THROUGH THE MARSHALS SERVICE IN ORDER TO PROTECT THE WITNESS' IDENTITY AND LOCATION.

Initials of Adult Family Members

3. The witness acknowledges that a copy of Interstate Commerce Commission Booklet Summary of Information for shippers of Household Goods" and "Lost or Damaged Household Goods" has been provided for review and information. Further, the witness acknowledges that jewelry, monies (gold, silver or currency), coin or stamp collections will not be covered for insurance purposes and SHOULD NOT, therefore, be shipped with the household goods. Likewise, the witness understands the risks involved in shipping other items of extraordinary value with household goods.

4. The witness acknowledges that insurance against loss or damage to the household goods will be obtained by the Marshals Service for the witness with the commercial moving establishment at the rate of ________ per pound. The witness acknowledges that any additional insurance purchased for the move will be at the witness' own expense and payable in advance to the Marshals Service representative.

5. The witness acknowledges that it is the witness' personal responsibility to sign the mover's inventory listing and bill of lading. In signing the inventory and bill of lading, the witness bears full responsibility in verifying the condition of the household goods as received and annotated by the movers on the inventory listing. The witness further acknowledges that the signature placed on the pick-up inventory and bill of lading will be in the name provided the witness by the Marshals Service for reasons of security.

6. The witness acknowledges that it is the personal responsibility of the witness to receive the household goods in the relocation area, verify that all items have been received and in the same condition as annotated on the pick-up inventory listing, and sign for having received said goods. The witness acknowledges that, in the event of loss or damage to the household goods, IT IS THE WITNESS' RESPONSIBILITY TO BRING THIS TO THE ATTENTION OF THE MOVERS AND TO CLEARLY STATE THE LOSS OR DAMAGE ON THE INVENTORY PAGES AND ON THE BILL OF LADING PRIOR TO SIGNING FOR RECEIPT. The witness understands that the movers have not been authorized to unpack boxes, other than mattresses, bedsprings, mirror or painting crates, etc., for REASONS OF SECURITY.

7. The witness acknowledges that an ADULT FAMILY MEMBER may be assigned the above responsibilities in the witness' absence. In the event that it is not possible for the witness or the witness' adult dependent to be present for the move for reasons approved by the Marshals Service (illness, incarceration, etc.), the witness hereby designates their personal representative for the movement of household goods. The designated representative has agreed to be present on

Initials of Adult Family Members

________________

________________

________________

e mises during and throughout the move and to accept full responsibility for signing the ventory and bill of lading. The designated representative is NOT AN EMPLOYEE OF THE EPARTMENT OF JUSTICE.

NAME: ______________________________

ADDRESS: ______________________________

______________________________

TELEPHONE: HOME ______________ WORK ______________

RELATIONSHIP TO WITNESS: ______________________________

8. The witness acknowledges that the Marshals Service assumes no responsibility for any oss of salary or other earnings incurred by the above named representative while performing this esponsibility for the witness.

9. The witness acknowledges that household goods placed in storage by the Marshals Service and remaining in storage at the time the witness is terminated from financial assistance by the Marshals Service will cease to be the responsibility of the Marshals Service sixty (60) days following date of termination. The witness shall provide an address for delivery of household goods within sixty (60) days, or assume responsibility for payment of storage and subsequent delivery costs thereafter.

## L. RELEASE FOR NON-MOVEMENT OF HOUSEHOLD GOODS

(This release is to be completed if the witness, or the witness' dependents, have no personally owned household goods to be moved to the relocation area, OR WHO HAVE ELECTED NOT TO MOVE THEIR HOUSEHOLD GOODS.)

I acknowledge that I have read the sections on Relocation Assistance (Section D) and Household Goods Movement Release (Section K) in this Memorandum of Understanding, and that the U.S. Marshals Service has explained the sections to me. I hereby declare that I, and my dependents, have no household goods to be moved, and I release the United States Marshals Service from any further obligation for movement of my household goods.

BY ______________ ADNAN . AWAD

U.S. Marshals Service Witness' Signature and Date

12-18-1984

Date: 12-18-84

______________________________
Signature of Adult Family Member and Date

______________________________
Signature of Adult Family Member and Date

______________________________
Signature of Adult Family Member and Date

## M. SOCIAL SECURITY AND REVISED IDENTITY AGREEMENT

1. The witness acknowledges that the Department of Justice, by providing documentation which reflects a new identity, has done so only for the witness' protection and safekeeping. The witness understands that this documentation may not be used for fraudulent purposes and that obligations incurred by utilizing this documentation are the witness' personal liabilities and not those of the United States Government. The witness understands that these documents remain the property of the United States Government and must be surrendered at its request. Such return request would be predicated upon the witness' misuse of these documents fraudulently.

2. The witness acknowledges that the timeliness in which the Marshals Service is able to obtain and deliver new documentation to the witness is dependent upon the assistance provided by other agencies in accomplishing the documentation changes.

3. The witness hereby authorizes the Social Security Administration to release any and all information regarding his/her Social Security Application to the United States Marshals Service.

4. The witness authorizes the United States Marshals Service, on the witness' behalf, to process, through the Social Security Administration, all legal claims and benefits to which the witness is entitled until such time as previous Social Security earnings and benefits eligibility have been changed into the witness' new identity. The witness acknowledges and agrees to submit through the U.S. Marshals Service all claims or requests to the Social Security Administration, until notified otherwise by the Marshals Service.

## N. MAIL FORWARDING RELEASE

1. The witness agrees to complete a "Change of Address Order" changing his/her mail address to a Post Office Box number used by the United States Marshals Service. The witness acknowledges that mail forwarding and receiving service will only be provided for letters or other written material contained in an ENVELOPE.

2. The witness acknowledges the necessity to terminate correspondence, where possible, with persons known prior to entry into the Witness Protection Program for reasons of security.

3. The witness agrees to present all mail addressed to correspondents having knowledge of his/her identity prior to entry into the Witness Protection Program to the United States Marshals Service for forwarding to insure confidentiality of his/her new identity and location.

4. Mail, packages and other materials transmitted to the witness through the United States Mails or otherwise through the United States Marshals Service will be examined to determine whether they contain any explosives or other devices or substances which could harm the witness or members of the public. By executing this Memorandum of Understanding, the witness consents to the above described examination of materials sent to the witness and releases the United States, its officers, agents and employees of any and all liability resulting from such examination.

Initials of Adult Family Members

______________

______________

______________

## O. OUTSTANDING COURT ORDERS AND APPOINTMENT OF PRIVATE COUNSEL

1. The witness acknowledges that the following court orders exist which direct him or her to perform the following acts.

| COURT | ACTIONS DIRECTED | DATE |
|---|---|---|
| | NONE | |

2. The witness acknowledges that he or she has appointed the below named person to receive service of process and act in his or her behalf in all matters, and that this person has been so notified and retained.

| NAME | ADDRESS |
|---|---|
| NONE | |

3. The witness acknowledges that if private counsel is not appointed to receive service of process, the U.S. Marshals Service will receive and forward all process it receives. The witness must then take those steps necessary to respond to said process. The Marshals Service will neither represent nor pay for private counsel to represent a witness' interest in such matters.

## P. OUTSTANDING DEBTS/LIENS

1. The witness acknowledges that the following debts are presently outstanding.

| CREDITOR | BALANCE OWED |
|---|---|
| NONE | $ |

Initials of Adult Family Members

2. The witness acknowledges that outstanding liens, security interest or other encumbrances exist on the following goods.

| DESCRIPTION OF GOODS | DESCRIPTION OF INTEREST AND HOLDER | ADDRESS |
|---|---|---|
| | NONE | |
| | | |
| | | |
| | | |

Have you ever filed for bankruptcy? No. NONE
If so, give name of court, location, and status of the proceeding.

## Q. STATEMENT OF OTHER SOURCES OF INCOME

1. The witness acknowledges that he or she must provide the United States Marshals Service with information concerning all sources of income received by them, household members, or held for their account.

| AMOUNT OF INCOME | SOURCE | DATE RECEIVED OR ANTICIPATED |
|---|---|---|
| | NONE | |
| | | |
| | | |
| | | |

2. The witness acknowledges that information concerning other sources of income may determine the amount of subsistence which will be paid by the United States Marshals Service. Failure to provide this information, or providing false information, may subject the witness to Federal criminal penalties under 18 U.S.C. Section 1001.

Initials of Adult Family Members

Form USM-55
(Rev. 7/2/79)

R. CONTINUATION OF ENTRIES/CONTENTS FROM PRIOR SECTIONS
(Define Paragraph and Page Number to which continuation applies)

C16
I, [redacted], HAVE ACCURATELY TRANSLATED THIS MEMORANDUM OF UNDERSTANDING IN ARABIC TO MR. AWAD AS WELL AS ALL DIALOG BETWEEN MR. AWAD AND INSPECTORS [redacted] D21 AND GERKE.

C16
[redacted]
SIGNATURE OF TRANSLATOR

STATE DEPT. STAFF INTERPRETOR
U.S. DEPT. OF STATE
23RD & C STREETS
WASHINGTON D.C. 20520
ATTN OF: LANGUAGE SERVICES DIVISION

Initials of Adult Family Members

Form USM-55
(Rev. 7/2/79)

## S. SUMMARY

1. The witness acknowledges having read and understood the foregoing Memorandum of Understanding consisting of fourteen (14) pages. The provisions of the Witness Protection Program are contained in the foregoing pages.

2. The witness acknowledges and understands that FOR REASONS OF SECURITY A COPY OF THIS MEMORANDUM IS NOT BEING FURNISHED THE WITNESS. HOWEVER, THIS DOCUMENT MAY BE REVIEWED BY CONTACTING THE UNITED STATES MARSHALS SERVICE.

3. The witness acknowledges and understands that Security Assistance by the Marshals Service is continuing in nature and future security problems should be brought to the attention of the Marshals Service for evaluation. Should the Justice Department conclude that the witness' life is again endangered in the relocation area sometime in the future, after the provisions of this agreement have been concluded, because of the witness' cooperation with any prosecutor who sponsored the witness' participation in the Program, it may become necessary to again provide the witness' protection, relocation and/or other related services. The kind and extent of services to be provided, should this become necessary, would be determined by the Marshals Service in a new Memorandum of Understanding with the witness at that time.

ADNAN AWAD 12-19-1984
Signature of Witness and Date

Signature of Adult Family Member and Date

Signature of Adult Family Member and Date

Signature of Adult Family Member and Date

Signature of Adult Family Member and Date

DSI

BY: Inspector and William F. Gehe Jr Insp.
U.S. Marshals Service

Sponsoring Attorney: Not Present

Case Agent: Not Present

Witness' Private Attorney: None Requested

Date: 12-18-84

Form USM-55
(Rev. 7/2/79)

# WITNESS CERTIFICATION STATEMENT

The witness acknowledges that the timeliness in which the Marshals Service is able to obtain documentation which reflects a new identity is dependent upon assistance provided by other agencies, and that upon delivery to the witness these documents remain the property of the United States Government and must be surrendered at its request. Such request for return would be predicated upon the witness' fraudulent misuse of the new documentation.

The witness acknowledges that it is necessary to place in safekeeping with the Marshals Service all identification documents (driver's license, credit cards, etc.) that reveal his/her true identity for reasons of security. The Marshals Service agrees to retain these documents indefinitely, and will return the documents to the witness should he/she desire to revert to his/her true identity. (List below all documentation delivered to the Marshals Service representative with names and identification numbers.)

(1) LEBANESE PASSPORT IN THE NAME MAHMOUD TOUFIC ALI
(2) MISCELLANEOUS PAPERS WRITTEN IN ARABIC

END

The witness certifies that all facts contained herein are true and that the information provided was given voluntarily to the Marshals Service.

ADNAN AWAD — Witness' Signature — Date: 12-18-198

N/A — Signature of Adult Family Member — Date

N/A — Signature of Adult Family Member — Date

N/A — Signature of Adult Family Member — Date

BY [signature] Insp. — U.S. Marshals Service — Date: 12/18/84

D 21

Form USM-55A(13)

FILE NO.

Docket No. 03-1538C

**UNITED STATES COURT OF FEDERAL CLAIMS**

**MEMORANDUM**

TO: JUDGE Chief Damich

FROM: CLERK'S OFFICE

The attached was received on 10-24-03 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ____________ [Rule 7.1]

2. ✓ Proof of service: [Rule 5.1]
   ✓ is missing; ____ is not signed and/or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief and in front of the appendix |
| ____ | 5.2(b) | Re: length of briefs or memorandum |
| ____ | 5.3(c) | Re: binding |
| ____ | 5.3(d) | Re: original/copies missing |
| ____ | 5.3(g) | Re: Judge's name on all filings |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ✓ | 10(a) | Re: case caption |

5. ✓ Original affidavit(s)/declaration(s) is/are missing
6. ✓ No provision in the Rules for the filing of this item
7. ____ ______________________

Debbie

Deputy Clerk

**To:** **CLERK'S OFFICE**

**THE ATTACHED ITEM IS TO BE:**

X Filed by my leave, **OR**,

***PURSUANT TO THE ACCOMPANYING ORDER:***
(Note - This is a separately written order)

____ Filed by leave of the judge and party is being notified for correction of defect(s) as to future filings.

____ Returned to party for correction of defects, with the document to be filed by leave of the judge, if it is out of time, with opposing counsel's time to respond to run from the date of re-service.

____ Returned to party for correction of defect(s).

[signature]
Signature

10-31-03
Date