IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADNAN AWAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1538C |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS

In our motion to dismiss dated December 15, 2003, we established that, pursuant to Rules 12(b)(1) and 12(b)(4) of the Rules of the United States Court of Federal Claims ("RCFC"), the Court lacks jurisdiction to consider the amended complaint, and that the amended complaint fails to state a claim upon which relief may be granted. Specifically, we demonstrated that the waiver of sovereign immunity for contract claims contained in the Tucker Act, 28 U.S.C. § 1491(a)(1), is limited to contracts executed by the United States in its proprietary capacity, and for which there is a private analogue, see Kania v. United States, 650 F.2d 264, 269 (Ct. Cl.), cert. denied, 454 U.S. 895 (1981), and that, because the purported contract between the United States and Mr. Awad was executed by the United States for the sole purpose of advancing its law enforcement and counter-terrorism activities, for which there is no private analogue, the United States entered that purported contract in its sovereign capacity. We further established that the limited exception established in Kania which allows the Court to entertain cases based upon certain contracts executed by the United States in its sovereign capacity does not apply, because the purported contract between Mr. Awad and the United States plainly does not provide that the United States is liable for monetary damages in the event of breach, and because the Government

officials who purportedly entered the contract with Mr. Awad lacked the requisite authority to bind the United States in the manner Mr. Awad has alleged.

In his response, Mr. Awad contends that, for a variety of reasons, the Court should deny our motions to dismiss. A careful evaluation of Mr. Awad's contentions, however, demonstrates that these contentions are incorrect. Therefore, the Court should grant our motion to dismiss.

## I. The Court Lacks Jurisdiction Over Mr. Awad's Contract Claims, Because Those Claims Are Premised Upon Purported Contracts Entered By The United States In Its Sovereign Capacity

As we established in our moving brief, it is well-settled that the waiver of sovereign immunity contained in the Tucker Act for claims based upon contracts with the United States, 28 U.S.C. § 1491(a)(1), is limited to contracts executed by the United States in its proprietary capacity. As the Court of Claims has stated,

> The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of the minds. The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves.

Kania v. United States, 650 F.2d at 268. As we further established in our moving brief, if the United States entered a contractual relationship with Mr. Awad, the Court, assessing the nature of the purported contractual relationship by examining the actions of the United States "when it entered into the contract or agreement at issue," Doe v. United States, 37 Fed. Cl. 74, 77 (1996), must unavoidably conclude that the United States entered any contractual relationship in its sovereign capacity, for two reasons. First, the Government's sole purpose in executing the

purported contract was to enlist Mr. Awad's aid in the capture and prosecution of notorious and deadly terrorists. Plaintiff's Amended Complaint ("Compl.") ¶¶ 7, 18. Indeed, Mr. Awad concedes this fact. See Plaintiff's Response to Defendant's Motion To Dismiss ("Pl. Br.") 5 ("The consideration for the government's offer was Plaintiff's agreement to leave Switzerland and provide assistance to the government in the capture and prosecution of members of the May 15 terrorist organization"); 9. There can be no dispute that the United States engages in law enforcement and counter-terrorism activities exclusively in its sovereign capacity. See Sadeghi v. United States, 46 Fed. Cl. at 660, 662-663 (2000); Drakes v. United States, 28 Fed. Cl. 190, 193 (1993). It is equally beyond dispute that there is no private analogue for the Government's conduct of its law enforcement and counter-terrorism activities. See Sea Air Shuttle Corp. v. United States, 112 F.3d 532, 536 (1st Cir. 1997); Akutowitz v. United States, 859 F.2d 1122 (2d Cir. 1988). Second, the alleged consideration for Mr. Awad's cooperation -- the granting of United States citizenship and the issuance of a United States passport -- are quintessential sovereign acts. Accordingly, it is plain that, if the United States entered into a contractual relationship with Mr. Awad, it did so solely in its sovereign capacity.

Moreover, as we established in our moving brief, while the Court may exercise jurisdiction over a claim based upon a contract that the United States entered in its sovereign capacity in rare circumstances, it may do so only where the Court finds that there was "specific authority . . . to make the agreement obligating the United States to pay money, and [the agreement] spell[s] out how in such a case the liability of the United States is to be determined." Kania v. United States, 650 F.2d at 264. As the Court of Appeals for the Federal Circuit has found, to meet the second part of this limited exception, Mr. Awad must demonstrate that the

"agreement clearly and unmistakably subjects the government to monetary liability for any breach." Sanders v. United States, 252 F.3d 1329, 1335 (Fed. Cir. 2001). It is plain that Mr. Awad can not meet the Sanders standard, because Mr. Awad explicitly asserts that the parties contemplated a remedy for breach, but that this remedy did not provide for monetary liability. Compl. ¶ 7, 63. Specifically, Mr. Awad alleges that the parties agreed that, if the United States failed to meet its obligations, it would be required to permit him to return to Switzerland. Compl. ¶¶ 7, 63. Accordingly, Mr. Awad can not demonstrate that his contract claim meets the exacting requirements to fit the limited exception to the general rule that the Court may not entertain cases based upon contracts entered by the United States in its sovereign capacity. See Kania v. United States, 650 F.2d at 264.

As we further established in our moving brief, Mr. Awad can not demonstrate that the Government representatives who purportedly promised him that he would receive United States citizenship possessed the requisite authority to make that promise, because the Commissioner of the Immigration and Naturalization Service ("INS"), based upon a delegation of authority from the Attorney General, possessed sole authority regarding the naturalization of aliens. See 8 U.S.C. § 1421(a); 28 C.F.R. § 0.105(b). Moreover, the Government representatives lacked authority to promise that Mr. Awad would receive a United States passport, for two reasons. First, the authority to issue passports is within the sole authority of the Secretary of State, see 22 U.S.C. § 211(a), and none of the Government officials alleged to have made this promise were Department of State officials. Compl. ¶ 7. Second, at the time of the alleged promise, Mr. Awad, was an Iraqi citizen, Compl. ¶ 4, and therefore, he was ineligible for a United States passport. See Haig v. Agee, 453 U.S. 280, 292-93 (1981). Because it is apparent that the United States

entered any contractual relationship with Mr. Awad solely in its sovereign capacity, and Mr. Awad's claims do not fall within the limited exception to the rule that the Court lacks jurisdiction over such contracts, it is apparent that the Court should dismiss the amended complaint. See Kania v. United States, 650 F.2d at 268.

Mr. Awad asserts, however, that because the cases upon which we rely for the proposition that the Court lacks jurisdiction over contracts that the United States entered in its sovereign capacity are factually distinguishable from the facts of his case, the Court should deny our motion to dismiss. Pl. Br. 6-9. Specifically, Mr. Awad asserts that, because he "was not a criminal defendant and is not seeking enforcement of a plea agreement, cooperation agreement, or immunity agreement, *Kania* and its progeny are inapplicable." Pl. Br. 6. Mr. Awad's contention is incorrect. Despite the factual differences between the alleged contract in this case and the contracts at issue in the cases upon which we rely in our moving brief, it is apparent that the basic premise of the holdings in those cases--that Tucker Act jurisdiction does not extend to contracts entered by the United States in its sovereign, as opposed to its proprietary, capacity--is applicable here. Clearly, the purported contract in this case concerns the United States prosecutorial and counter-terrorist functions, because, as Mr. Awad admits, the United States' sole purpose in entering the purported contract was to enlist his help in the capture and prosecution of members of the May 15 organization. Pl. Br. 5, 8-9. Because there can be no dispute that the United States entered the purported contract solely in its sovereign capacity, the jurisdictional bar established by Kania and its progeny applies, despite the novel facts of Mr.

Awad's case.[1]

Mr. Awad further asserts that, because there is a private analogue to the conduct of the United States in this case, Kania does not apply. Pl. Br. 9. Specifically, Mr. Awad contends that numerous Government officials served as his "private attorneys for immigration matters" when they assisted him in preparing and filing a variety of documents with the INS, and that, because assisting an applicant for immigration benefits is a function routinely performed by private individuals, there is a private analogue to the conduct in which the pertinent Government officials engaged. Pl. Br. 9. This assertion is incorrect. Mr. Awad's fundamental contention is that the Government representatives with whom he entered the purported contractual relationship acted on behalf of the United States. Pl. Br. 2; Compl. ¶ 63. Mr. Awad contends that, pursuant to this purported contract, he agreed to relocate to the United States and enter the United States Marshals Service Witness Security Program ("WITSEC"), based upon the representation of the Government officials with whom he met in Switzerland that he would, among other things, receive United States citizenship and a passport. Compl. ¶ 7. Accordingly, the clear import of Mr. Awad's contention is that he was promised that the United States, acting in its sovereign capacity, would promptly provide him citizenship and a passport. It is plain that there is no

[1] Mr. Awad's reliance upon Bailey v. United States, 54 Fed. Cl. 459 (2002), aff'd, 2004 WL 386593 (Fed. Cir. 2004)(Table), is unavailing. In that case, the Court found that the plaintiff's claim was not barred by Kania and its progeny because the plaintiff's allegations of a contractual relationship with the United States were properly characterized as describing a contract for services that, despite arising out of a criminal proceeding, were one step removed from that criminal proceeding, and were of the type that the United States might procure in its proprietary capacity. See Bailey v. United States, 54 Fed. Cl. at 482-3 (describing agreement as contract for "liquidator services"). The Court clearly endorsed the holding of Kania and its progeny, however, see Bailey v. United States, 54 Fed. Cl. at 482, and because, as we established above, the facts of this case fall squarely within the purview of the Kania line of cases, it is apparent that the Court should grant our motion to dismiss.

private analogue for such a promise, because only the United States, acting as sovereign, may confer citizenship, and issue passports. If, however, Mr. Awad is now asserting that the basis of the purported contract which enticed him to leave Switzerland was that the Government officials with whom he met promised that they and other Government attorneys would act as Mr. Awad's private immigration lawyers to secure his speedy receipt of citizenship and a passport , see Pl. Br. 9, that assertion avails him nothing. This assertion is, in essence, a legal malpractice claim, and because the Court lacks jurisdiction over claims sounding in tort, 28 U.S.C. § 1491(a)(1), the Court may not consider such a claim. Moreover, a promise that Government attorneys would act as Mr. Awad's private attorneys would be patently lacking in authority. It is beyond dispute that attorneys employed by the United States Department of Justice and its components, including the Federal Bureau of Investigation and the United States Marshals Service, may not represent private individuals attempting to obtain immigration benefits. See 18 U.S.C. § 205(a)(2). Stated another way, while it is clear that private attorneys routinely act as advocates for applicants for immigration benefits, it is equally clear that the United States Department of Justice does not offer the services of attorneys in its employ for this purpose on the commercial market, and accordingly, the fact that private attorneys are available for this service is of no consequence. Therefore, Mr. Awad's assertions regarding a private analogue for the conduct of Government officials in this case are without merit. Accordingly, it is clear that the jurisdictional bar established by Kania applies to Mr. Awad's claims.

Mr. Awad also asserts that his failure to identify with specificity the basis of the authority of the Government representatives with whom he met in Switzerland at this stage of the proceedings is not fatal to his claim, because the allegations regarding authority contained in his

amended complaint are sufficient to withstand our motion to dismiss. Pl. Br. 10-12. Mr. Awad further asserts that the Court should grant him the opportunity to conduct discovery regarding the specific authority possessed by the pertinent Government officials. Pl. Br. 10-12. Mr. Awad's contentions are without merit.

As we demonstrated above, the Court may exercise jurisdiction over a claim based upon a contract executed by the United States in its sovereign capacity only if the plaintiff can meet a two part test. First, the plaintiff must show that the Government representative possessed "specific authority . . . to make the agreement obligating the United States to pay money, . . . " Kania v. United States, 650 F.2d at 264. Second, the plaintiff must show that the "agreement clearly and unmistakably subjects the government to monetary liability for any breach." Sanders v. United States, 252 F.2d at 1335. As we further demonstrated above, it is beyond dispute that Mr. Awad can not meet the second prong of this two part test, because he has expressly stated that the parties agreed that the remedy for any breach of the purported contract by the United States would be that the United States would permit him to return to Switzerland. Compl. ¶¶ 7, 63. Accordingly, even if Mr. Awad correctly asserts that he has pleaded facts sufficient to establish that the Government representatives with whom he entered the alleged contract possessed the requisite authority, that assertion avails him nothing, because that assertion is insufficient to place his claim within the limited exception to the general rule established in Kania that the Court lacks jurisdiction in cases based upon contracts executed by the United States in its sovereign capacity.

Moreover, the cases upon which Mr. Awad relies are unpersuasive. In Sommers Oil Company v. United States, 241 F.3d 1375 (Fed. Cir. 2001), the court specifically premised its

determination that the plaintiff's pleadings regarding the authority of the Government actors were sufficient to establish this Court's jurisdiction upon its finding that the case was distinguishable from Trauma Service Group v. United States, 104 F.3d 1321 (Fed. Cir. 1997). In its discussion of Trauma Service Group, the Sommers Oil court concurred with the earlier court's decision granting the Government's motion to dismiss based upon lack of authority to contract, because the plaintiff's claim in that case was "'fatally flawed in [its] legal premises and destined to fail, . . .'" Sommers Oil Company v. United States, 241 F.3d at 1380 (citation omitted). The Sommers Oil court found that, based upon the facts of the case before it, "no such dispositive issue is presented." Id. However, it is plain that, in this case, the Court should dismiss the amended complaint, whether or not the Government officials in question possessed the requisite authority. As in Trauma Service Group, Mr. Awad's claim is "destined to fail," based upon the fact that he can not establish that his claim meets the second prong of the two part exception contained in Kania to the rule that the Court may not consider claims based upon contracts that the United executed in its sovereign capacity . The other cases cited by Mr. Awad, Bailey v. United States, 40 Fed. Cl. 449 (1998), and Perri v. United States, 35 Fed. Cl. 627 (1996), reiterate the proposition contained in Sommers Oil that, where the Court's jurisdiction is contingent upon the plaintiff's ability to demonstrate that the Government officials with whom the plaintiff entered a purported contractual relationship possessed the requisite authority, the Court should decline to dismiss the complaint if the plaintiff's pleadings can reasonably be construed to have made a sufficient allegation of authority, based upon the facts available to the plaintiff at that stage of the proceedings. However, those cases do not provide a basis upon which Mr. Awad may overcome the "fatal flaw" in his pleadings which will render him unable to overcome the jurisdictional bar

contained in Kania. Accordingly, the Court should grant our motion to dismiss.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the amended complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella

JAMES M. KINSELLA
Deputy Director

s/Gerald M. Alexander

GERALD M. ALEXANDER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. St., N.W.,
Washington, D.C. 20530
Tele: (202) 307-0361
Fax: (202) 514-7965

Attorneys for Defendant

April 20, 2004